The contention of the appellant is, that a will bequeathing personal property is not within the provisions of section 24 of "An act concerning wills," which reads:
"That all wills and testaments * * * shall be in writing, and shall be signed by the testator, which signature shall be made by the testator, or the making thereof be acknowledged by him, and such writing declared to be his last will in presence of two witnesses present at the same time, who shall subscribe their names thereto as witnesses in the presence of the testator, and all wills and testaments * * * shall be sufficient to devise, pass and bequeath all estates and property, real and personal."
And that by section 11, which reads:
"That it shall and may be lawful to, and for all and every person and persons, by his, her or their testament or last will in writing, to give, bequeath or dispose of all his, her or their goods, chattels and personal estate, in the same manner as he, she or they lawfully might do before the passing of this act."
Personal property may be bequeathed in the same manner as it could be by the common law.
The argument of counsel is, that by the common law of England, wills disposing of personal property exclusively were not required to be either signed or attested by the testator, and that this remained the law in England until the "Wills act, 1837" (1 Vict. c. 26), clause 9 of which provided: "That no will shall be valid unless it shall be in writing and executed in the manner therein provided," and that the common law as in England prevailed here.
In 1795 "An act concerning wills" (Rev. p. 223; Elm. Dig.
(1838) 596) was passed, section 12 of which is in the *Page 523 
wording of the present section 11. This act also provided for the recording of "all last wills and testaments which concern personal estate only."
It will be noted, also, that "An act concerning wills" (Rev.1846; Nix. Dig. 873) provided for the number of witnesses, c., also included as section 11, our present section of the same number.
The present section 24 was enacted by the legislature in 1850.P.L. 1850 p. 280.
In 1851 a supplement to the act entitled "An act concerning wills" was enacted. Nix. Dig. 877; P.L. 1851 p. 218.
Our present section 24 was section 1 therein. Section 6 provided "that nothing in this act contained shall be held to change or affect the existing laws relating to nuncupative wills."
There has been no revision by the legislature of "the act concerning wills" since the Revision of 1846. The Revision of 1877 was as made by the compilers, as noted in Comp. Stat.p. 5861.
It will be noticed that the act of 1851 is "that all wills
and testaments" and later in the same act appears the words "shall be sufficient to devise, pass and bequeath all estates and property, real and personal," c. (Italics are mine.)
A will, when it operates upon personal property, is sometimes called a testament. 4 Kent Com. 501.
A testament is a disposition of personal property to take place after the owner's decease, according to his desire and direction.Black L. Dict. (2d ed.). Strictly speaking, a will of personal property. Rap. Law. L. Dict.
A testament in strictness concerns personal property only:
In the absence of statute providing for witnesses none were needed. Conklin v. Egerton, Admr., 21 Wend. (N.Y.) 430,436.
In the absence of any saving clause the act of 1851 needs no construction. Its words are plain and specific: "All wills andtestaments shall be made in writing, signed and publiished,"c.
An examination of the cases fails to show that the contention *Page 524 
now made has ever been specifically raised, but in many cases the statement is made "that all wills," c.
Construction of the statute of 1851 was first made In reMcElwaine, 18 N.J. Eq. 499, by Chancellor Zabriskie, in considering the validity of a will disposing of real and personal property. After quoting the statute of 1851, he said (at p.501):
"Four things are required — first, that the will shall be in writing; secondly, that it shall be signed by the testator;thirdly, that such signature shall be made by the testator, or the making thereof acknowledged by him in the presence of two witnesses; fourthly, that it shall be declared to be his last will in the presence of these witnesses. Each and every one of these requisites must exist. They are not in the alternative. * * * The words of the act are clear, and the object is equally clear and requires this construction to the words."
It is needless to cite the numerous cases which have followed this decision.
The words of the act are clear that "all wills and testaments shall be," c., and must be deemed effective.
The fact that an act passed over a half century previous thereto was not specifically repealed, cannot be now, after the present act has been in force seventy-five years, be considered as limiting the effect of the words of the act.
The order of the orphans court will be approved. *Page 525